District 1

# Case Summary

### Case No. 20261103529

| | | | |
|---|---|---|---|
| **SANDRA MORTON -vs- DICKSON LAW GROUP, LLC** | § | Location: | **District 1** |
| | § | Judicial Officer: | **Courtroom, 1501** |
| | § | Filed on: | **01/26/2026** |
| | § | Cook County Attorney Number: | **102120** |

---

## Case Information

File Date   01/26/2026
**Cause of Action**
Ad Damnum

**Description/Remedy**
Action
Remedy Amount
$15,000.00 Amount Claimed

Case Type:   Statutory Action Complaint - Jury
Case Status:   **01/26/2026   Pending**

---

## Assignment Information

**Current Case Assignment**
Case Number      20261103529
Court               District 1
Date Assigned    01/26/2026
Judicial Officer   Courtroom, 1501

---

## Party Information

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **MORTON, SANDRA** | **McCormick, Seth Barrow** |
| | | ***Retained*** |
| | | 650 WARRENVILLE RD |
| | | STE 100 |
| | | Lisle, IL 60532 |
| **Defendant** | **DICKSON LAW GROUP, LLC** | |

---

## Events and Orders of the Court

| | |
|---|---|
| 03/18/2026 | **Initial Case Management Hearing**   (9:30 AM)   (Judicial Officer: Stein, Alon) |
| | Resource: Location CV1501 Court Room 1501 |
| | Resource: Location D1 Richard J Daley Center |
| 02/02/2026 | Affidavit Of Service Filed |
| | Party:   Plaintiff MORTON, SANDRA |
| 01/26/2026 | New Case Filing |
| 01/26/2026 | **Cause of Action** Ad Damnum (Remedy Amount) |
| | Action Type   Action |
| | Remedies Sought   Amount Claimed |
| 01/26/2026 | Statutory Action Complaint Filed - Jury Demand |
| | Party:   Plaintiff MORTON, SANDRA |
| | Party 2:   Attorney McCormick, Seth Barrow |

District 1

## Case Summary

### Case No. 20261103529

01/26/2026

Notice Of Filing Filed
      Party:  Plaintiff MORTON, SANDRA
      Party 2:  Attorney McCormick, Seth Barrow

01/26/2026

Summons Issued And Returnable
      Party:  Plaintiff MORTON, SANDRA
      Party 2:  Attorney McCormick, Seth Barrow

FILED
1/26/2026 4:22 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
20261103529
Courtroom, 1501
36355423

| | | |
|---|---|---|
| **2120 - Served** | **2121 - Served** | **2620 - Sec. of State** |
| **2220 - Not Served** | **2221 - Not Served** | **2621 - Alias Sec of State** |
| **2320 - Served By Mail** | **2321 - Served By Mail** | |
| **2420 - Served By Publication** | **2421 - Served By Publication** | |
| **Summons - Alias Summons** | | **(12/01/20) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

SANDRA MORTON

_____

Plaintiff(s)

v.

DICKSON LAW GROUP, LLC

Case No.　20261103529

_____

Defendant(s)

John P. Dickson, 5415 Bull Valley Rd,
McHenry, IL 60050-7410

_____

Address of Defendant(s)

Please serve as follows (check one):　　○ Certifi‑‑‑‑　　　　　　　　　　　○ Alias

To each Defendant:

You have been named a defenda　　　　　　　　　　　　　　　h is hereto attached.
You are summoned and required　　　　　　　　　　　　　　　erk of this court,
within 30 days after service of thi　　　　　　　　　　　　　　you fail to do so, a
judgment by default may be enter　　　　　　　　　　　　　　'aint.

**THERE WILL B** 　　　　　　　　　　　　　　　　.

*Served*
*2/2/26*

To file your written appearance/an　　　　　　　　　　　　　　**THE**
**COURTHOUSE**. You will need: a　　　　　　　　　　　　　　s; a completed
Appearance form that can be found 　　　　　　　　　　　　　'ed/procedures/
appearance.asp; and a credit card to p

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 1 of 3

**Summons - Alias Summons**                                      **(12/01/20) CCG 0001 B**

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

&#9673; Atty. No.: 102120
&#9675; Pro Se 99500

Name: Harrer Law, P.C.

Atty. for (if applicable):

Plaintiff

Address: 650 Warrenville Road, Suite 100

City: Lisle

State: IL    Zip: 60532

Telephone: 312-858-3239

Primary Email: Seth@harrerlaw.com

Witness date _____

1/26/2026 4:22 PM Mariyana T. Spyropoulos

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 2 of 3

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
        OR
        ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

1/26/2026 4:22 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
20261103529
Courtroom, 1501
36355423

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DISTRICT, CIVIL DIVISION

**SANDRA MORTON,**

Plaintiff,

v.

**DICKSON LAW GROUP, LLC,**

Defendant.

Case No.: **20261103529**

Amount Claimed: **Statutory and/or actual damages up to $15,000 plus reasonable fees and costs under statute.**

**JURY DEMAND**

## COMPLAINT

Plaintiff, Sandra Mortion, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") for a finding that Defendant's actions violated Plaintiff's legal rights, and to recover damages for Defendant's violations thereof, and alleges:

### NATURE OF THE CASE

1.      The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

2.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

3.      To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

4.     Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

5.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq.*

6.     "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). (emphasis added).

## JURISDICTION AND VENUE

7.     Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(l) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

8.     Defendant collects debts from consumers in Illinois and has a registered agent in Illinois.

9.     Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred. In addition, Defendant regularly does business in this County. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act[1], 15 U.S.C. § 1692 et seq. ("FDCPA") by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

---

[1] Any reference to the FDCPA or any part thereof encompasses all relevant parts and subparts of each statute.

## PARTIES

10.     Plaintiff SANDRA MORTON ("Plaintiff") is a resident of the State of Illinois, from whom the Defendant attempted to collect a delinquent consumer debt. Plaintiff is thus a consumer as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA.

11.     Defendant DICKSON LAW GROUP, LLC, ("Defendant") is an Illinois law firm and limited liability company that collect debts throughout the state of Illinois, including Cook County.

12.     Defendant is a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

13.     Defendant also acts as a debt collector as defined by § 1692a(6) of the FDCPA as Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

## FACTUAL ALLEGATIONS

14.     Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a)     There is **abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors**. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b)     Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)     **Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts**.

(d)     Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

-3-

(e)   It is the **purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,** and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

15.   According to Defendant, Plaintiff incurred a financial obligation (the "Alleged Debt" or the "Account") originally owed to her landlord (the "Landlord"), which obligation was incurred primarily for personal, family or household purposes. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16.   The Landlord claimed Plaintiff did not pay the Account and retained the services of Defendant to aid the Landlord in collection of the Alleged Debt.

17.   Defendant is considered a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

18.   Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

19.   Defendant engaged in collection activities to attempt to collect the Alleged Debt.

20.   On or about August 7, 2025 Defendant mailed Plaintiff a collection letter (the "Collection Letter"). A true and correct copy of the Collection Letter is attached hereto as Exhibit A.

21.   Plaintiff read the Collection Letter.

22.   The Collection Letter was Defendant's first communication with Plaintiff.

23.   The Collection Letter stated "I have been retained by [Landlord] to collect from you your account balance" and included an alleged Account balance of $11,000.00.

24.     The Collection Letter further stated "If you want to resolve this matter without a lawsuit, you must, *within **one week of the date of this letter***, either pay [Landlord] $11,000.00 against the balance that you owe or call me at (815) 317-5193 and work out arrangement for payment" and followed up "If you do neither of these things, I will be entitled to file a lawsuit against you, for the collection of this debt, when the week is over." Ex. A (emphasis added).

25.     In the next paragraph, the Collection Letter stated:

> ***Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it.*** If you don't dispute it within that period, I'll assume that it's valid. If you do dispute it—by notifying me in writing to that effect—I will, as required by the law, obtain and mail to you proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor [Landlord] I will furnish you with that information too.

Ex. A (emphasis added).

26.     On the bottom of the Collection Letter, in bold, all caps type, the Collection Letter states "**THIS DOCUMENT IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMAITON OBTAINED WILL BE USED FOR THAT PURPOSE.**" *Id.* (emphasis in original).

27.     The Collection Letter was a communication in connection with the collection of a debt.

28.     The Collection Letter demanded payment from Plaintiff before Plaintiff had an opportunity to dispute the Alleged Debt.

29.     On the same date Defendant sent the Collection Letter, it also sent a Notice of Termination for Non-Payment of Rent (the "Termination Notice") to Plaintiff. A true and correct copy of the Termination Notice is attached hereto as Exhibit B.

30.     The Termination Notice also claimed Plaintiff owed a balance of $11,000.00 to the Landlord and states that "You must pay the full amount you owe within 5 days… after the date this Notices is served. If you do not, your lease will be terminated and your landlord may file an eviction case against you and unkown occupants" Ex. B.

31.     The Termination Notice also included "NOTICE: This law firm and its individual attorneys are deemed to be debt collectors pursuant to the federal Fair Debt Collection Practices Act. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." *Id.*

32.     The Termination Notice was a communication in connection with the collection of a debt.

33.     Plaintiff was not served with the Termination Notice until August 17, 2025.

34.     Plaintiff read the Termination Notice and was confused.

35.     Plaintiff did not know, and any unsophisticated consumer would not know, whether she had "one week from the date" of the Collection Letter or "5 days.. after the date" the Termination Notice was served to make a payment, or whether she had "thirty days from the receipt of the" Collection Letter to dispute the debt, or whether she had to make a payment first in order to dispute the Alleged Debt.

36.     The payment demand in the Termination Notice contradicted the <u>validation period</u> provided in the Collection Letter.

37.     The payment demand in the Termination Notice also contradicted the <u>payment demand</u> in the Collection Letter.

38.     The contradiction in the payment demands and validation period rendered the validation notice in the Collection letter ineffective.

-6-

39.     The Collection Letter and the Termination Letter provided multiple dates by which Plaintiff must make a payment, all of which occurred prior to the deadline of Plaintiff's statutory right to dispute the Alleged Debt.

40.     The Collection Letter provided multiple deadlines by which Plaintiff was required to dispute the Alleged Debt or request validation of the Alleged Debt.

41.     FDCPA, Section 1692g requires debt collectors to provide notice to consumers of their rights to dispute a debt and to obtain verification of the debt when the consumer requests it in writing.

42.     The rights and obligations established by FDCPA § 1692g were considered by the Congress to be a "significant feature" of the FDCPA. S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, *reprinted* in 1977 U.S.C.C.A.N. 1695, 1696.

43.     Any debt collection activities during the validation period may not significantly interfere with the effective communication of the consumer's debt verification rights. The effectiveness may be unlawfully compromised by debt collection activities that: 1) obscure or overshadow; 2) are inconsistent with or contradict; or 3) deceive or confuse an unsophisticated consumer about their legal right to obtain verification of the debt.. *See Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996); *Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991); *Miller v. Payco Gen. Am. Credits, Inc.*, 943 F.2d 482 (4th Cir. 1991); *Swanson v. S. Oregon Credit Serv.*, 869 F.2d 1222 (9th Cir. 1988). To do so renders the debt validation notice ineffective.

44.     Indeed, FDCPA, Section 1692g(b) expressly provides that:

**(b)     Disputed debts**

**… Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

15 U.S.C. §1692g.

45.     Defendant overshadowed Plaintiff's right to dispute the Alleged Debt before payment, in violation of 15 U.S.C. §1692g(b), when it sent Plaintiff the Collection Letter demanding payment "within one week of the date of this letter" without providing Plaintiff with the requisite 30 days to dispute the debt.

46.     Plaintiff reasonably believed, and any unsophisticated consumer would reasonably believe, that she did not have 30 days to respond to Defendant's Collection Letter as Defendant did not explain when actions against her would occur.

47.     Defendant overshadowed Plaintiff's right to dispute the Alleged Debt, in violation of 15 U.S.C. §1692g(b), when it threatened to sue her if she did not pay within one week of the date of the Collection Letter.

48.     Defendant overshadowed Plaintiff's right to dispute the Alleged Debt, in violation of 15 U.S.C. §1692g(b), when it sent the Collection Letter threatening to sue Plaintiff if she did not pay the debt in one week from the date of the Collection Letter while simultaneously telling her that she had 30 days from the "receipt" of the letter to dispute the Alleged Debt.

49.     Defendant overshadowed Plaintiff's right to dispute the Alleged Debt before payment, in violation of 15 U.S.C. §1692g(b), when it sent Plaintiff the Termination Notice demanding payment "within 5 days of the service of this Notice" without providing Plaintiff with the requisite 30 days to dispute the debt.

50.     Defendant overshadowed Plaintiff's right to dispute the Alleged Debt before payment, in violation of §1692g(b), when it sent Plaintiff the Termination Notice threatening to terminate her contractual rights in the lease without providing Plaintiff the requisite 30 days to dispute the debt.

51.     Plaintiff reasonably believed, and any unsophisticated consumer would reasonably believe that she did not have 30 days to respond to Defendant's Collection Letter as the Termination Notice told her if she did not pay in 5 days, her lease would be terminated.

52.     On August 25, 2025, Defendant, on behalf of the Landlord, filed an Eviction Complaint against Plaintiff.

53.     On August 29, 2025. Defendant caused the Summons and Eviction Complaint to be served on Plaintiff.

54.     Defendant overshadowed Plaintiff' right to dispute the Alleged Debt, in violation of 15 U.S.C. §1692g(b), when it served the Eviction Complaint and Summons on Plaintiff.

55.     In response to the Collection Letter, the Termination Notice and service of the Eviction Complaint and Summons, Plaintiff was forced to hire an attorney.

56.     When Plaintiff's attorney appeared in the Eviction Action, Plaintiff demanded proof that she owed the Alleged Debt as she had always asserted that she had paid the Landlord in cash.

57.     Defendant was either unable or unwilling to provide any evidence that the Alleged Debt existed.

58.     Defendant had no evidence of the existence of the Alleged Debt.

59.     Defendant quickly settled the Eviction Action for *future rent*.

60.     Defendant's demands for payment in the Collection Letter and Termination Notice were materially false.

61.     Specifically, FDCPA, section 1692e provides in pertinent part:

A debt collector may not use any *false, deceptive, or misleading representation or means in connection with the collection of any debt*. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*\*\*

(2) ***The false representation of***---
(A) the character, amount, or legal status of any debt;

\*\*\*

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

\*\*\*

(10) The use of any ***false representation or deceptive means to collect or attempt to collect any debt*** or to obtain information concerning a consumer.

15 U.S.C. § 1692e(2)(A), (5) & (10) (emphasis added).

62.     Defendant violated section 1692e when it misrepresented Landlord's right to sue Plaintiff at all, misrepresented the Plaintiff owed the Alleged Debt, and deceived Plaintiff into believing she may lose her home if she did not pay the Alleged Debt.

63.     Defendant violated section1692e(2)(A) when it misrepresented the amount of the Alleged Debt in the Collection Letter and the Termination Notice.

64.     Defendant violated section 1692e(5) when it threatened to sue Plaintiff in both the Collection Letter and the Termination Notice when it had no evidence that Plaintiff owed the Alleged Debt and therefore could not sue.

65.     Defendant violated 1692e(10) when it misrepresented Landlord's right to sue Plaintiff at all, misrepresented the Plaintiff owed the Alleged Debt, and deceived Plaintiff into believing she may lose her home if she did not pay the Alleged Debt in an attempt to collect the Alleged Debt.

66.     All of the above-described actions by Defendant and collection agents of Defendant were made in violation of the FDCPA as alleged below in the Count.

67.     The conduct of the Defendant has proximately caused Plaintiff damages.

68.     Plaintiff was forced to retain counsel to appear and represent her in the Eviction Action.

69.     Plaintiff has also suffered physical manifestations of emotion distress due to the Collection Letter, the Termination Notice and the Eviction Act, especially now that there is a permanent public record of the Eviction Action based on Defendant's false representations that she owed a debt she did not owe.

## CAUSES OF ACTION

### COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

70.     Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs.

71.     The acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA with respect to Plaintiff, including, but not limited to, violations of 1692g and 1692e.

72.     Defendant violated 15 U.S.C. §1692g(b), when it overshadowed Plaintiff's 30 days to dispute the Alleged Debt, by demanding payment within one week of a collection letter, threatening to sue Plaintiff, sent mixed messages setting forth a false and conflicting deadlines by which Plaintiff was required to make a payment or dispute the Alleged Debt, and filing an Eviction Complaint prior to the expiration of 30 days.

73.     Defendant violated 15 U.S.C. §1692e by misrepresenting Landlord's right to sue Plaintiff, misrepresenting that Plaintiff owed the Alleged Debt, and deceived Plaintiff into believing she may lose her home if she did not pay the Alleged Debt.

74.     Defendant violated 15 U.S.C. §1692e(2)(A) in the Collection Letter, the Termination Notice and the Eviction Complaint when it made a false representation regarding the amount of the Alleged Debt.

75. Defendant violated 15 U.S.C. §1692e(5) by threatening to sue Plaintiff and actually suing Plaintiff when it had actual knowledge that it could not truthfully allege and had no evidence that Plaintiff owed the Alleged Debt.

76. Defendant violated 15 U.S.C. §1692e(10) by misrepresenting Landlord's right to sue Plaintiff, misrepresenting that Plaintiff owed the Alleged Debt, and deceived Plaintiff into believing she may lose her home if she did not pay the Alleged Debt.

77. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to damages and reasonable attorney's fees and costs from Defendant.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

A. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: January 22, 2026

Respectfully submitted,

By: s/        *Seth McCormick*
One of Plaintiff's Attorneys

Kyle Joss (ARDC #6315410)
Seth McCormick (ARDC # 6309643)
HARRER LAW, P.C.
COOK #102120 | DUPAGE #362944
650 Warrenville Road, Suite 100
Lisle, IL 60532
Tel. 312-858-3240
rob@harrerlaw.com
seth@harrerlaw.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them.

These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

s/    *Seth McCormick*
Seth McCormick

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

-14-

# Exhibit A



5415 Bull Valley Road, McHenry, Illinois 60050 tel
(815) 317-5193 | fax (815) 317-5194
www.dicksonlawgroup.com

August 7, 2025

Sandra Morton
Unknown Occupants
2720 N. Bayview Ln.
McHenry, IL 60051

**Re:** **Past-due rent due and owing Karen Hejsak**

Dear above-named recipient(s):

I have been retained by **Karen Hejsak** to collect from you your account balance, which as of August 7, 2025, was $11,000.00, that you owe you're her through the present date. A breakdown of this amount is rent for 2720 N. Bayview Ln., McHenry, IL 60051 due from May 1 through the present, less partial payments (if any) made.

If you want to resolve this matter without a lawsuit, you must, within one week of the date of this letter, either pay **Karen Hejsak** $11,000.00 against the balance that you owe or call me at (815) 317-5193 and work out arrangements for payment. If you do neither of these things, I will be entitled to file a lawsuit against you, for the collection of this debt, when the week is over.

Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, I'll assume that it's valid. If you do dispute it—by notifying me in writing to that effect—I will, as required by the law, obtain and mail to you proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor (**Karen Hejsak**) I will furnish you with that information too.

The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you.

Very truly yours,
DICKSON LAW GROUP, LLC

By: **/s/ John P. Dickson, Esq.**
Attorney

**THIS DOCUMENT IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.**

# Exhibit B

This form is approved by the Illinois Supreme Court.

20261103529

| | |
|---|---|
| **Instructions ▼** | |

**NOTICE OF TERMINATION**
**FOR NON-PAYMENT OF RENT**

This *Notice* is commonly called a "5-Day Notice." However, the lease or local law may require a longer notice period (see **2b** below).

Date: 08/07/2025

To:

Identify the tenants and mailing address.

SANDRA MORTON & ANY UNKNOWN OCCUPANTS
*Tenant Names*

And any unknown occupants.

2720 N Bayview Ln
*Street Address*                                                          *Unit*

McHenry, IL 60051
*City*                          *State*                          *ZIP*

In 1, enter the total amount of rent currently due.

1.  You owe  $ 11,000.00  in rent for the property located at:

2720 N Bayview Ln
*Street Address*                                                          *Unit*

McHenry, IL 60051
*City*                          *State*                          *ZIP*

In 2, check 2a unless the law or lease requires you to give the tenant more time to pay. If you check **2b**, enter the number of days the tenant has to pay.

2.  You must pay the full amount you owe within:
    a.  ☑  5 days, OR
    b.  ☐ _____ days (*must be more than 5 days*)
    after the date this *Notice* is served. If you do not, your lease will be terminated and your landlord may file an eviction case against you and unknown occupants.

| | |
|---|---|
| **NOTE:** | • For how to determine when the 5 days end, see *How to File & Present an Eviction Case*.<br>• Only FULL PAYMENT of the rent demanded in this *Notice* will waive the landlord's right to terminate the lease under this *Notice* unless the landlord agrees in writing to continue the lease in exchange for receiving partial payment. |

After you finish this form, sign and print your name.

***

/s/ John P. Dickson, Esq.
*Landlord or Agent Signature*

5415 Bull Valley Road
*Street Address*

Enter your complete current address, telephone number, and email address, if you have one.

DICKSON LAW GROUP, LLC
*Print Your Name*

McHenry, IL 60051
*City, State, ZIP*

(815) 317-5193
*Telephone*

john@dicksonlawgroup.com
*Email*

| | |
|---|---|
| **NOTE:** | After this *Notice* is served, the person who serves this *Notice* should complete the *Affidavit of Service of a Demand or Notice* available at illinoiscourts.gov/documents-and-forms/approved-forms. |

***Attorney for Landlord, Karen Hejsak, Successor Trustee of the Hejsak Family Trust***

NOTICE: This law firm and its individual attorneys are deemed to be debt collectors pursuant to the federal Fair Debt Collections Practices Act. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Received 08-26-2025 08:38 AM / Circuit Clerk Accepted on 08-26-2025 08:56 AM / Transaction #34165519 / Case #2025EV000375
Page 5 of 7