**UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION**

SANDRA MORTON,

Plaintiff,

v.

DICKSON LAW GROUP, LLC,

Defendant.

Case No. 26-cv-02396

Hon. Andrea R. Wood

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO TRANSFER VENUE**

Plaintiff Sandra Morton, by counsel, respectfully submits this response in opposition to Defendant's Motion to Transfer Venue (the "Motion"), and in support thereof states as follows.

## I.      INTRODUCTION

Defendant seeks to transfer this case from the Eastern Division to the Western Division of the Northern District of Illinois based primarily on the location of certain events and witnesses in McHenry County. However, Seventh Circuit precedent makes clear that transfer is appropriate only where the movant demonstrates that the proposed transferee forum is **"clearly more convenient."** *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003). Further, there is no occurrence or divisional filing requirement in this district and Courts in this district routinely declined to transfer a case from the Eastern to the Western Division unless the moving party meets its burden of articulating a clear balance of inconvenience.

Defendant falls well short of that standard. At most, Defendant shows that the Western Division may be marginally more convenient for certain individuals. That is insufficient as a matter of law; particularly where, as here, Plaintiff's chosen forum is entitled to deference, the case arises under a federal statute, and the asserted inconveniences are modest and largely speculative.

1

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a case may be transferred "[f]or the convenience of parties and witnesses, in the interest of justice." The party seeking transfer bears the burden of demonstrating that: (1) venue is proper in both forums; and (2) The transferee forum is **clearly more convenient** than the transferor forum. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977–78 (7th Cir. 2010); *Nat'l Presto*, 347 F.3d at 664. The analysis requires consideration of both private and public interest factors, including: (1) plaintiff's choice of forum; (2) situs of material events; (3) access to sources of proof; (4) convenience of witnesses and parties; and (5) the interest of justice. *Research Automation*, 626 F.3d at 978. Importantly, unless the balance of factors **strongly favors transfer**, the plaintiff's chosen forum should not be disturbed. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989).

## III.   ARGUMENT

### A.  Plaintiff's Choice of Forum Is Entitled to Deference

Defendant contends that Plaintiff's choice of forum is entitled to little or no deference because she filed in state court rather than directly in the Eastern Division. This argument is unpersuasive and contrary to established Seventh Circuit precedent.

The Seventh Circuit has repeatedly held that a plaintiff's choice of forum is entitled to **substantial deference**, particularly where venue is proper. *Heller*, 883 F.2d at 1293. Plaintiff filed this action in Cook County, Illinois—a forum that maps directly to the Eastern Division. She filed in Cook County deliberately based on the Cook County court's growing familiarity with Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. (the "FDPCA") and after the flurry of binding Seventh Circuit case law decided between 2019 and 2021, which routinely put FDCPA plaintiffs' cases at risk of being dismissed due to a lack of Article III Standing. *See, e.g., Markakos v.*

*Medicredit, Inc.*, 997 F.3d 778 (7th Cir. 2021); *Nettles v. Midland Funding*, 983 F.3d 896 (7th Cir. 2020); *Larkin v. Finance System of Green Bay, Inc.*, 982 F.3d 1060, 1066 (7th Cir. 2020); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067 (7th Cir. 2020); *Bazile v. Finance System of Green Bay, Inc.*, 983 F.3d 274 (7th Cir. 2020); *Casillas v. Madison Ave Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019).

Plaintiff's choice reflects a deliberate selection of forum, not an incidental or arbitrary one. Defendant's removal does not negate or diminish plaintiff's choice, and courts in this district uniformly hold that a plaintiff's choice is entitled to substantial deference, and that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *In re Nat'l Presto Indus.,* 347 F. 3d 662 (7th Cir. 2003) (*quoting Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 501 (1947); *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853 (N.D. Ill. 2007) ("Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"); *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731 (N.D. Ill. 2007) (affirming that plaintiff's choice controls unless the defendant shows a clear imbalance).

Further, if Defendant's removal did negate or diminish Plaintiff's choice, defendants could routinely nullify plaintiff forum preferences through removal alone, a result inconsistent with § 1404(a) and Seventh Circuit precedent. Accordingly, Plaintiff's chosen forum should not be disturbed absent a strong showing of inconvenience. A showing Defendant has not made.

Finally, the Northern District of Illinois' local rules do not contain a divisional venue requirement. *Plant v. Dekalb*, 2004 U.S. Dist. LEXIS, *2 (N.D. Ill. Nov. 23, 2004); *Hogan v. Ford New Holland, Inc.*,1995 U.S. Dist. LEXIS 8269,*15 (N.D. Ill. June 14, 1995); *see also I&M Rail Link v. Northstar Navigation*, 21 F. Supp. 2d 849, 858 (N.D. Ill. Sept. 21, 1998). Consequently,

both divisions within this district provide an appropriate venue for this case, as "'absent a requirement imposed by local rule, the case may be brought in any division of a district where venue is proper.'" *Hogan*, 1995 U.S. Dist. LEXIS 8269, at *15 (quoting *Universal Pipe & Supply, Inc. v. Merchants Int'l, Inc.*, 1991 U.S. Dist. LEXIS 14787, at *2 (N.D. Ill. Oct. 16, 1991).

**B. Defendant Has Not Shown That the Western Division Is "Clearly More Convenient"**

**1. Convenience of Witnesses**

The convenience of witnesses is often the most important factor, but the movant must provide **specific information** regarding: (a) the identity of key witnesses; (b) the nature and materiality of their testimony; and (c) how the forum imposes inconvenience. See *Heller*, 883 F.2d at 1293–94. Defendant does not meet this standard. Instead, it offers generalized assertions that witnesses are located in McHenry County. Defendant does not meaningfully describe the substance of these witnesses' testimony or explain why appearing in Chicago would impose a substantial burden.

To that end, Defendant has not established that litigating in the Eastern District is materially more inconvenient. Defendant provides only generalized statements of inconvenience, which courts consistently reject. Defendant identifies no unwilling witnesses, no substantial burdens, and no logistical hardships that would make the transferee forum "clearly more convenient."

The witnesses Defendant does identify are Plaintiff, Defendant's own employees, whose convenience is afforded less weight, and court personnel (e.g., judge, clerk), who are unlikely to be trial witnesses. Defendant also relies in part on statements made "on information and belief," underscoring the speculative nature of its assertions.

Finally, the difference in geographic distance between McHenry County and the Dirksen Courthouse and McHenry County as compared to the Stanley J. Roszkowski United States

4

Courthouse in Rockford is modest. Indeed, the distance from McHenry County to the Dirksen Courthouse is 59.7 miles, compared to 47.2 miles from McHenry County to the Stanley J. Roszkowski United States Courthouse, a difference of 12 miles. Further, the drive times from McHenry County to each courthouse are nearly identical (one hour and fourteen minutes). A printout of the mile and drive time analysis from McHenry County to each courthouse is attached as Exhibit A, as the same were accessed on Google Maps at 8:39 am on March 19, 2026. Courts in this District routinely find that such travel does not constitute a meaningful inconvenience sufficient to justify transfer. At most, Defendant has shown a minor shift in convenience—not the substantial advantage required by *Nat'l Presto*.

### 2. Convenience of the Parties

Defendant argues that the Eastern District is not convenient for the parties because (1) Plaintiff's last known address is in McHenry County, (2) Defendant is located in McHenry County, and (3) and the events giving rise to liability occurred in McHenry County.

*First*, "defendants cannot assert that the plaintiff's chosen forum is inconvenient to the plaintiff." *See Langenhorst v. Norfolk S. Ry.*, 219 Ill. 2d 430, 448 (2006) *(citing First Nat'l Bank v. Guerine,* 198 Ill. 2d 511, 518 (2002)). Thus, the location of Plaintiff is irrelevant.

*Second*, Defendant fails to show how the fact that the events giving rise to liability occurred in McHenry County makes it inconvenient to litigate in the Eastern District. Defendant bears the burden of demonstrating that the Plaintiff's chosen forum is inconvenient to the Defendant, not merely that the underlying events took place elsewhere.

The convenience-of-parties factor does not support transfer where it would merely **shift inconvenience from one party to another**. *Heller*, 883 F.2d at 1293. Here, Defendant is located in McHenry County and Plaintiff has chosen Cook County and the Eastern District for the reasons

stated herein. McHenry County is centrally located between the two forums. See, Ex. A. Transfer would, therefore, do little more than shift any inconvenience from Defendant to Plaintiff, which is not a proper basis for transfer.

### 3. Access to Sources of Proof

Defendant argues that relevant documents and court records are located in McHenry County. This factor carries little weight in modern litigation. The Seventh Circuit has recognized that advances in electronic discovery significantly reduce the importance of document location. *See Research Automation*, 626 F.3d at 978. The only relevant documents in this case are Defendant's communications with Plaintiff, which are already in the record and in possession of both parties. Any necessary court records or business documents are readily accessible electronically. As a result, this factor is effectively neutral.

### 4. Situs of Material Events

While Defendant emphasizes that certain events occurred in McHenry County, that fact is not dispositive. This case arises under the FDCPA, which concerns communications directed to a consumer. In such cases, the alleged harm is not confined to a single physical location but includes where the plaintiff receives and experiences the alleged misconduct. Moreover, the situs of events is only one factor among many and does not override the deference owed to Plaintiff's chosen forum. *Research Automation*, 626 F.3d at 978.

### C. The Interest of Justice Does Not Favor Transfer

The "interest of justice" focuses on the efficient administration of the court system. *Id.* The Seventh Circuit in *Grossman v. Smart,* explained that "interest of justice" factors include: court's familiarity with the law, local interest, and judicial economy. None of these factors support transfer. 1995 U.S. App. LEXIS 38339, *4 (7th Cir. 1995)

6

### 1. Familiarity with the Law

This case arises under the FDCPA, a federal statute. Judges in both divisions are equally capable of applying federal law. However, courts in the Eastern Division regularly adjudicate FDCPA claims, which weighs against transfer.

### 2. Local Interest

Defendant argues that the Western Division has a stronger local interest, but FDCPA claims involve **national consumer protection standards**, not uniquely local controversies.

### 3. Relative Court Efficiency

Because this is an intra-district transfer, differences in docket congestion and efficiency are minimal. Further, transfer of this case would only delay its resolution. Courts routinely find this factor neutral in such circumstances.

### D. Intra-District Transfer Requires a Particularly Strong Showing

This case involves a proposed transfer between divisions of the same district—not between different districts. Courts in this District recognize that such transfers require a meaningful showing of inconvenience, as: the governing law is identical; the courts are part of the same judicial system; and the practical differences are limited. *Hogan*, 1995 U.S. Dist. LEXIS 8269, at *16; *Carr v. Richmond*, 1995 U.S. Dist. LEXIS 2583, *1 (N.D. Ill. Mar. 3, 1995) (declining to transfer a case from the Eastern to the Western Division because the moving parties failed to articulate a clear balance of inconvenience and recognizing the abrogation of any "occurrence division" filing requirement, which requirement was repealed). Defendant has not made such a showing.

## IV.    CONCLUSION

Defendant has not demonstrated that the Western Division is clearly more convenient than the Eastern Division. At most, it has shown a marginal difference in convenience, which is insufficient under controlling Seventh Circuit precedent. Because the balance of factors does not strongly favor transfer, Plaintiff's chosen forum should be respected.

## V.     PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Transfer Venue.

Dated: March 20, 2026

Respectfully submitted,

By:     /s/ *Seth McCormick*
Counsel for Debtor

Seth McCormick (ARDC #6309643)
HARRER LAW, P.C.
COOK #102120 | DUPAGE #362944
650 Warrenville Road, Suite 100
Lisle, IL 60532
Tel. 312-858-3239
seth@harrerlaw.com

8

# Exhibit A



